**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Reid,<br><br>    Plaintiff,<br><br>v.<br><br>Salomon Smith Barney Incorporated, *et al.*,<br><br>    Defendants. | No. CV-23-00674-PHX-JJT<br><br>**ORDER** |

At issue is Defendant Salomon Smith Barney Incorporated's Motion to Dismiss for Lack of Subject Matter Jurisdiction (FRCP 12(b)(1)), Failure to State a Claim Upon Which Relief Can be Granted (FRCP 12(b)(6)), or, in the Alternative, Compel Arbitration and Stay Action (Doc. 17, MTD), to which Plaintiff filed a Response (Doc. 20, Resp.) and Defendant filed a Reply (Doc. 21, Reply). For the following reasons, the Court grants Defendant's Motion.

**I. BACKGROUND**

Plaintiff Cynthia Reid alleges the following facts. Plaintiff is a beneficiary of a Trust that was established by her father, Norman Reid, and her grandmother, Margaret Reid in December 1991. (Doc. 10, Second Amended Complaint ("SAC") ¶¶ 8-9.) The Trust was allegedly created to benefit Plaintiff and her two non-party brothers, Scott Reid and Kevin Reid. (SAC ¶¶ 10-11.) Norman Reid was the Trustee of the Trust at the time of its creation. (SAC ¶ 12.) Norman Reid gave power of attorney over the Trust to his son, Scott Reid. (SAC ¶ 16.) Scott Reid retained the services of financial advisors at Defendant Salomon Smith Barney, Inc. to invest the assets of the Trust. (SAC ¶ 17.) Over several months, the

entire Trust was drained as a result of the investments, and by December 31, 2000, the investments made by Defendant at the direction of Scott Reid had lost most of their value. (SAC ¶¶ 40, 47.) Plaintiff claims she only discovered the loss of the Trust's assets recently, more than 20 years after their loss. (SAC ¶ 44.)

In the SAC, Plaintiff raises claims against Defendant of breach of fiduciary duty, negligence, fraud, negligent supervision, and negligence per se. (SAC ¶¶ 49-73.) Defendant now moves to dismiss the case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Plaintiff lacks standing and that the causes of action are barred by the statute of limitations. (MTD at 1.)

## II.   LEGAL STANDARD

A motion to dismiss for lack of subject-matter jurisdiction brought pursuant to Rule 12(b)(1) may facially attack the existence of subject-matter jurisdiction or may challenge the truth of the alleged facts that would confer subject-matter jurisdiction on the court. *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). Courts are permitted to consider evidence to decide a factual attack on subject-matter jurisdiction. *Thornhill*, 594 F.2d at 733. The party asserting jurisdiction has the burden of showing that the court has subject-matter jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Where a claimant lacks standing, the court must dismiss the action for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). *Ervine v. Desert View Reg. Med. Ctr. Holdings, LLC*, 753 F.3d 862, 868 (9th Cir. 2014).

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint for failure to state a claim, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067

(9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679–80. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**III.   ANALYSIS**

    **A.   Standing**

Defendant asserts that the SAC must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff does not have standing to file suit against Defendant. (MTD at 4.) Specifically, Defendant asserts that Plaintiff failed to allege sufficient facts that demonstrate that she is resting her claim on her own rights rather than those of a third party. (MTD at 5.) Defendant's principal arguments are that Plaintiff's status as a beneficiary of the Trust is not sufficient to establish prudential standing, and Plaintiff has not established a sufficient factual basis to demonstrate traceability to Defendant and therefore lacks Constitutional standing. (MTD at 6.)

A complaint that fails to allege facts sufficient to establish standing requires dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1123 (9th Cir. 2010). "As an aspect of justiciability, the standing question is whether the plaintiff has alleged such a personal stake in the outcome of *the* controversy as to warrant [her] invocation of federal-court jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (citation and internal quotation marks omitted). And to satisfy Article III's standing requirements, a plaintiff must show that she suffered a "concrete and particularized" injury that is "fairly traceable to the challenged action of the defendant," and that a favorable decision would likely redress the injury. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). In the complaint, the plaintiff must "alleg[e] specific facts sufficient" to establish standing. *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 821 (9th Cir. 2002).

Plaintiff argues that her status as a beneficiary of the Trust created a duty owed to her by Defendant, and the subsequent breach of that duty caused an injury traceable to Defendant. (Resp. at 3.) Plaintiff cites *Shahan v. Staley*, 932 P.2d 1345 (Ariz. Ct. App. 1996) and *Hoyle v. Dickinson*, 746 P.2d 18 (Ariz. Ct. App. 1987) to support her argument that she has standing to sue Defendant as an intended third-party beneficiary to the agreement between Defendant and Plaintiff's brother, Scott Reid. But in *Shahan*, the plaintiff, a beneficiary of a trust, brought a claim against the trustee. 932 P.2d at 1348. In this case, Plaintiff has filed suit against Defendant, who, as the financial advisor, is a third-party, not the Trustee. In *Hoyle,* the plaintiff brought a claim as an intended third-party beneficiary for breach of contract. 746 P.2d at 20. That case is also inapposite because Plaintiff does not bring a breach of contract claim here.

Plaintiff seems to argue that, as trust beneficiary, she is an intended third-party beneficiary to the agreement between Defendant and the Trustee—her father—and/or the agreement *between* Defendant and her brother under his power of attorney (Resp. at 4), but the non-conclusory allegations in the SAC do not support that conclusion. In Arizona, a party may not recover as a third-party beneficiary unless the underlying contract "reflect[s]

that the parties thereto intended to recognize [her] as a primary party in interest." *Stratton v. Inspiration Consolidated Copper Co.*, 683 P.2d 327, 329 (Ariz. Ct. App. 1984) (citing *Norton v. First Federal Savings*, 624 P.2d 854 (Ariz. 1981)); *accord Irwin v. Murphey*, 302 P.2d 534, 537 (Ariz. 1956). The contemplated benefit must be both intentional and direct, and it must be manifested in the contract itself. *Irwin*, 302 P.2d at 537; *see also Supplies for Industry, Inc. v. Christensen*, 659 P.2d 660, 662 (Ariz. Ct. App. 1983) (discussing intended third party beneficiaries). Additionally, the third person must be the real promisee under the contract. *Seargeant v. Commerce Loan & Inv. Co.*, 270 P.2d 1086, 1090 (Ariz. 1954). If the third person is merely an incidental beneficiary, she cannot recover under the contract. *Irwin*, 302 P.2d 534, 537.

The SAC includes no non-conclusory allegations that Plaintiff is an intended primary party in interest in the contracts between her father and brother, on one side, and Defendant on the *other*. The SAC does not identify the terms of the agreement between Plaintiff's father, as the Trustee, and Defendant whatsoever. The Limited Discretionary Authorization, designating Plaintiff's brother as an authorized investor of the Trust assets, does not mention Plaintiff. (*See* Doc. 17-1.)

Importantly, even if Plaintiff had sufficiently alleged that she was a third-party beneficiary to the agreement, she could still only sue for breach of the agreement, which she does not do here. *See Hoyle*, 746 P.2d at 20. She could not raise her claims of breach of fiduciary duty, negligence, fraud, negligent supervision and negligence per se against Defendant; indeed, she could not even sue for bad faith. *Fobes v. Blue Cross & Blue Shield of Ariz., Inc.*, 861 P.2d 692, 698 (Ariz. Ct. App. 1993) (third party beneficiary to a contract cannot sustain action for breach of good faith and fair dealing based on that contract).

Under Arizona law, Plaintiff may have standing to bring her causes of action against only the *Trustee* or perhaps her brother under his power of attorney. Plaintiff has not cited any applicable case law supporting the proposition that she, as a beneficiary of a Trust she

had no authority over, can sue a financial advisor of the Trust for breach of fiduciary duty or for the other causes of action brought in the Complaint.[1]

In sum, Plaintiff has failed to point to any legal support for her theory that a beneficiary of a trust has standing to sue a third-party for any of the five causes of actions she brought. The Court will thus dismiss the SAC for a lack of standing.

### B.     Statute of Limitations

Even if Plaintiff alleged a sufficient factual basis to establish standing, the suit would be barred by the statute of limitations. In Arizona, the statute of limitations period for a breach *of* fiduciary duty claim is two years. *Coulter v. Grant Thornton, LLP*, 388 P.3d 834, 838 (Ariz. Ct. App. 2017). The statute of limitations period for the negligence causes of action is also two years. *See* A.R.S. § 12-542; *Coulter,* 388 P.3d at 838. The statute of limitations period for a fraud claim is three years, which begins to accrue after "the discovery… of the facts constituting the fraud." A.R.S. § 12-543. The injury to Plaintiff allegedly occurred in December 2000, and Plaintiff filed the lawsuit in 2023. (SAC ¶ 47.)

Plaintiff argues that Arizona's discovery rule allows her to bring the lawsuit because she did not discover the alleged injury until 2023. (SAC ¶ 44.) Defendant contends that the discovery rule actually works to bar Plaintiff's claims because a reasonable investigation would *have* led her to discover the drained account sooner than 23 years after the injury occurred. (MTD at 10.)

"When a discovery occurs and a cause of action accrues are usually and necessarily questions *of* fact for the jury." *Doe v. Roe*, 955 P.2d 951, 961 (Ariz. Ct. 1998). It is the plaintiff's burden to establish that the discovery rule should apply. *Wyckoff v. Mogollon Health Alliance*, 307 P.3d 1015, 1018 (Ariz. Ct. App. 2013). However, the discovery rule "does not allow [a plaintiff] to profess longstanding ignorance when a reasonable investigation . . . would have alerted her to what she now alleges to have been [Defendant's]

---

[1] In this instance, the analysis for standing overlaps significantly with an analysis for failure to state a claim.

misconduct many years earlier." *Isgro v. Wells Fargo Bank, N.A.*, 2019 WL 273373 at *4 (Ariz. Ct. App. Jan. 22, 2019).

Although the question of discovery is typically reserved for the jury, here, given the amount of time that has passed and the availability of information regarding the injury to Plaintiff, no reasonable jury could find that a reasonable person in Plaintiff's situation would have failed to make reasonable efforts to investigate the status of the Trust and thereby the alleged injury until 23 years after the alleged loss occurred. Plaintiff's claims, therefore, would also be barred by the statute of limitations for all the causes of action alleged. [2]

**C.   Complaint Amendment**

Plaintiff requests leave to amend the SAC. "A district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citation omitted). The Court finds the defects in Plaintiff's claims cannot be cured by amendment and will therefore dismiss them without leave to amend.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 17).  Plaintiff's claims against Defendant are dismissed without leave to amend.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 13th day of September, 2023.

Honorable John J. Tuchi
United States District Judge

---

[2] Because the Court resolves Defendant's Motion to Dismiss on standing, and alternatively, the statue of limitations, it does not reach Defendant's further arguments regarding the failure to state a claim and arbitration.